UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.

JEFFRY SANABIA,

                              Plaintiff,

     -against-                            **COMPLAINT**

APPLIED BANK & NCO FINANCIAL SYSTEMS, INC.

                              Defendants.
-----------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & CAMPBELL, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction against defendants' deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant Applied Bank is a national banking association and a foreign business corporation incorporated in Delaware. Defendant NCO is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign business corporation incorporated in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS OF FACT

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at some point in time, plaintiff is alleged to have incurred a consumer debt to Applied Bank.

7. That, subsequently, plaintiff is alleged by Applied Bank to have defaulted in his payment on said debt.

8. That sometime in or about May 2008, Applied Bank, by its attorneys, Forster & Garbus, Esqs., commenced a lawsuit under Index No. 030630/08 in the New York County Civil Court, in an effort to collect the debt.

9. That, sometime in or around October 2008, Applied Bank obtained a default judgment against plaintiff.

10. That, in or around October 2009, Forster & Garbus sent a collection letter to plaintiff in an effort to collect the debt.

11. That, upon receipt of said collection letter, plaintiff conferred with his attorneys at Fagenson & Puglisi concerning the said lawsuit and default judgment.

12. That, between November and December 2009, Fagenson & Puglisi filed an Order to Show Cause, Notice of Appearance, Answer and Interrogatories on behalf of plaintiff and served same on Forster & Garbus.

13. That, thereafter, various written and telephone communications concerning the lawsuit and the debt occurred between Concetta Puglisi, Esq., of Fagenson & Puglisi and Applied Bank's attorneys at Forster & Garbus.

14. That, said communications resulted in the default judgment against plaintiff being vacated, pursuant to a stipulation of the parties' attorneys.

15. That, notwithstanding said communications between plaintiff's attorneys and Applied Bank's attorneys in the litigation in the New York County Civil Court, defendant NCO sent a collection letter to plaintiff at his home seeking the collection of the same debt.

16. That said letter is dated October 14, 2011.

ALLEGATIONS CONCERNING APPLIED BANK

AS AND FOR A FIRST CAUSE OF ACTION
NYGBL §349

17. That plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated herein.

18. That, on information and belief, Forster & Garbus did inform their client, Applied Bank, that plaintiff was represented by counsel and that plaintiff disputed the debt in the New York County Civil Court litigation.

19. That, nonetheless, Applied Bank assigned the account to NCO for collection, without informing NCO that plaintiff was represented by counsel and that plaintiff disputed the debt.

20. That such a failure and/or refusal to inform its debt collector about the status of the debt constitutes a deceptive act and practice on the part of Applied Bank, in that Applied Bank well knows that such failure and/or refusal would result in NCO contacting plaintiff directly regarding the debt.

21. That the deceptive act and practice of Applied Bank above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

22. That Applied Bank's deceptive acts and practices were consumer-oriented. Applied Bank is a national credit card issuer which issues tens of thousands of credit cards to natural persons each year.

23. That, on information and belief, numerous credit card holders in New York State default on their credit card payments, requiring Applied Bank to hire debt collectors to attempt to collect the defaulted debts.

24 That, on information and belief, when Applied Bank learns that defaulted card holders, such as plaintiff, are represented by an attorney and that they dispute the debt, Applied Bank has a pattern of failing and/or refusing to so inform its debt collectors, with the result that its debt collectors continue to launch debt collection attacks on represented debtors.

25. That, upon receipt of NCO's letter, plaintiff was deceived into thinking that he owed more than one debt to Applied Bank.

26. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letter from NCO despite his attorney having informed Applied Bank, through its attorneys, that plaintiff should not be contacted directly and that plaintiff disputed the debt.

27. That Applied Bank improperly failed and/or refused to inform NCO that plaintiff is represented by counsel and that plaintiff was disputing the debt, and in so doing violated NYGBL §349.

28. That Applied Bank is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against Applied Bank as follows:

(a) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(b) enjoining Applied Bank from further concealment from, and failure and/or refusal to inform, its debt collectors that plaintiff disputes the debt and that plaintiff is represented by counsel, pursuant to NYGBL §349;

(c) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL §349(h); and

(d) for such other and further relief as may be just and proper.

## ALLEGATIONS CONCERNING NCO

### AS AND FOR A SECOND CAUSE OF ACTION
### FDCPA, §§1692c(a)(2), 1692e and 1692e(10)

29. That plaintiff re-alleges paragraphs 1 to 28 as if fully re-stated herein.

30. That, on information and belief, Forster & Garbus did inform Applied Bank and Applied Bank did in turn inform defendant NCO that plaintiff was represented by an attorney; nonetheless NCO sent the October 14, 2011 letter to plaintiff.

31. That, in the alternative, NCO failed to inquire of Applied Bank whether plaintiff was represented by counsel at the time the debt was assigned to NCO for collection, as it was NCO's duty to do.

32. That said letter to plaintiff constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §§1692e and 1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

### AS AND FOR A SECOND CAUSE OF ACTION
### NYGBL §349

33. That plaintiff re-alleges paragraphs 1 to 32 as if fully re-stated herein.

34. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §

349.

35. That NCO's deceptive and misleading acts and practices were consumer-oriented, in that NCO is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, NCO mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumer is represented by an attorney.

36. That plaintiff suffered emotional distress, anxiety, harassment, abuse and oppression upon receipt of the collection letter from NCO despite his attorneys' representation of him in the litigation in New York County Civil Court.

37. That NCO improperly contacted plaintiff with full knowledge that he is represented by counsel and in so doing violated NYGBL §349.

38. That NCO is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against NCO as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements

pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

      (e)    for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
November 7, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com